

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-5293
Re: Authority of State Regis-
trar of Vital Statistics
to issue certified copy of
birth certificate of a per-
son born in Texas pursuant
to a judgment of a court of
another state.

     You have furnished us with an order issued by the Judge of the Probate Court, Bessemer Division, of Jefferson County, Alabama, directing you as State Registrar of Vital Statistics of the State Department of Health of this State to issue a certified copy of the birth certificate of the person named therein, and have requested our opinion as to whether you should comply with this order.

     The order above referred to reads as follows:

"CAUSE NO. _____ BESSEMER DIVISION

IN THE PROBATE COURT OF THE

COUNTY OF JEFFERSON

STATE OF ALA.

"JUDGEMENT

"BE IT REMEMBERED, on this the __1__ day of May, 1943, came on to be heard the petition of ____Jesse____
(Name of

__Edward Gambrel__, for leave to obtain of this Court
petitioner)
an order authorizing the issuance of a certified copy

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

4477

of the birth certificate of <u>Henry Lee Gambrel</u>,
(Name of person)
born <u>July</u> <u>9</u> <u>1923</u> in <u>Paris Rt. 2</u>
(Month) (Day) (Year) (City)
<u>Lamar</u> <u>Texas</u> to, <u>Ola Bertha Osborn</u>
(County) (State) (Name of mother of child)
and that such certified copy be delivered to ____
<u>Jessie E. Gambrel</u>, <u>Bessemer, Ala., Rt. 2 -</u>
(Name of person) (Post Office Address)
<u>Box 352</u>.

"After hearing the petition, and the evidence in sup-
port thereof, the court is of the opinion that same
should be granted.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that
a certified copy of the birth certificate above named
be issued by the State Registrar of Vital Statistics,
Austin, Texas, to the said <u>Henry Lee Gambrel</u>.

(signed) <u>H. R. House</u>
Judge of the <u>Probate</u> Court
Bessemer Division
(SEAL) <u>Jefferson</u> County, Ala."

Paragraph 25 of Rule 47a, Article 4477, Vernon's Anno-
tated Civil Statutes, reads as follows:

"And provided that the name of the father or
any informant by which he might be identified shall
not be written into the birth or death certificate
of any illegitimate child, and provided further, that
any statement the father of an illegitimate child
wishes to make as to its parentage, may, when placed
in the form of an affidavit, be attached to the ori-
ginal birth record. Neither the State Registrar nor
any local registrar shall issue a certified copy of
any birth or death certificate wherein a child or an
adult is stated to be illegitimate, unless such certi-
fied copy is ordered by a court of competent juris-
diction."

If the Judge of the Probate Court of Jefferson County,
Alabama, had authority to order the State Registrar of Vital
Statistics to issue a certified copy of a birth certificate of

a person born in Texas, it was under the terms of Article IV, Section 1 of the Constitution of the United States, which reads as follows:

"Full Faith and Credit shall be given in each State to public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

The Supreme Court of the United States in Cole vs. Cunningham, 133 U. S. 107, at page 112, 33 L. Ed. 538, 541, 10 Sup. Ct. R. 269, 270, said:

"The Constitution did not mean to confer any new power on the states, but simply to regulate the effect of their acknowledged jurisdiction over persons and things within their territory. It did not make the judgments of states domestic judgments to all intents and purposes, but only gave a general validity, faith and credit to them as evidence. No execution can be issued upon such judgments without a new suit in the tribunals of other states, and they enjoy not the right of priority or privilege or lien, which they have in the state where they are pronounced, but that only which the lex fori gives to them by its own laws, in their character of foreign judgments."

In Wisconsin v. Pelican Ins. Co., 127 U. S. 265, at pages 291 and 292, 32 L. Ed. 239, 244, 8 Sup. Ct. R. 1370, 1375, it is said:

"Those provisions establish a rule of evidence rather than of jurisdiction. While they make the record of a judgment rendered after due notice in one state conclusive evidence in the courts of another state or of the United States of the matter adjudged, they do not affect the jurisdiction, either of the court in which the judgment is rendered or of the court in which it is offered in evidence. Judgments recovered in one state of the Union, when proved in the courts of another government, whether state or national, within the United States differ from judgments recovered in a foreign country in no other

respect than in not being re-examinable on their merits nor impeachable for fraud in obtaining them, if rendered by a court having jurisdiction of the cause and of the parties."

The Supreme Court of Georgia said:

"This clause (full faith and credit) is not to be received in the fullest import of the terms. It is referable to such records, etc., as pleadings and evidence. Any other construction, which would give the same effect to a foreign judgment as to our own, would indeed be to give the laws of one state complete operation in another - would be to make a judgment in one state bind property in another." Joice v. Scales, 18 Ga. 725, 23 Cyc. Law. and Proc., pp. 1545, 1546, 1556, 1557, 23 L. R. A. (N. S.)

The Probate Court of Alabama did not have jurisdiction of one of the parties affected by the judgment with which we are here concerned, viz. Dr. W. A. Davis, State Registrar of Vital Statistics of Texas, and said court had no power to order him to perform any act. The judgment of the Probate Court of Alabama could only be used as evidence in a court of competent jurisdiction within this State, and said latter court would have to enter a judgment ordering the State Registrar to issue a certified copy of the birth certificate of Henry Lee Gambrel, before the State Registrar would have authority to issue such certified copy.

It is therefore our opinion that the Judge of the Probate Court, Bessemer Division, of Jefferson County, Alabama, is without authority to order the State Registrar of Vital Statistics to issue a certified copy of the birth certificate of Henry Lee Gambrel, and the State Registrar is without authority to issue such certified copy upon the order of said court.

We are herewith returning to you the judgment above quoted.

APPROVED JUN 16 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

J. C. Davis, Jr.
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

JCD:db